UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

DAWN GREGORY,

                Plaintiff,

    -against-

JOHN NARANJO and WHEELS LT,

                Defendants.

----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21-CV-4641 (DG) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

On August 21, 2020, New York resident Dawn Gregory filed this lawsuit in New York State Supreme Court related to a motor vehicle accident that occurred on July 30, 2019. (Notice of Removal, ECF No. 1; State Court Complaint ("Compl."), ECF No. 1-1.) On August 18, 2021, Defendants John Naranjo and Wheels LT ("Defendants") removed the case to federal court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1, ¶ 6.)

Currently pending before the Court is Plaintiff's motion to remand the case, which the Honorable Diane Gujarati referred to the undersigned Magistrate Judge for a report and recommendation. (*See* Mot. to Remand, ECF No. 13; Oct. 28, 2022 ECF Order Referring Mot.) For the reasons set forth below, the Court respectfully recommends that the motion be denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As noted, Plaintiff commenced this action on August 21, 2020, in New York state court. (Notice of Removal, ECF No. 1; Compl., ECF No. 1-1.) On August 18, 2021, Defendants removed the case to federal court. (Notice of Removal, ECF No. 1.) On

October 27, 2021, the undersigned Magistrate Judge held an initial conference and set a discovery schedule, including a deadline of November 9, 2021, for a motion to join new parties or amend the pleadings. (Oct. 27, 2021 ECF Minute Entry and Order.)

Plaintiff now seeks remand. By way of background, on August 3, 2022, Plaintiff filed a letter motion apprising the Court that he had recently filed a new, related action in state court naming additional parties who, Plaintiff claims, were "inadvertently not listed in the first action." (Letter Mot. Requesting Remand, ECF No. 12 ("Letter Mot."), at 2; *see also* Summons & Complaint in *Gregory v. Rentokil North America, et al.*, Kings County Supreme Court Index No. 521623/2022, ECF No. 12-1.) Plaintiff indicated, upon information and belief, that the additional parties were the employers of Defendant Naranjo and the lessees of the Defendant vehicle. (Letter Mot., ECF No. 12, at 2.) Accordingly, Plaintiff sought leave to file a motion for remand, which was granted shortly thereafter. (*See id.*; Aug. 5, 2022 ECF Order.)

On August 12, Plaintiff filed a motion for remand. In support, Plaintiff alleges that two additional parties named in the state action, Ehrlich Pest Control and JC Ehrlich, are the owners of the Defendant vehicle and employers of the Defendant driver, based on a photo of the Defendant vehicle. (Barenbaum Decl., ECF No. 13-1, ¶ 5; Ex. Photo of the Def. Vehicle, ECF No. 13-2.) These entities are believed to be "unincorporated entities located and doing business" in New York, and Plaintiff asserts that adding them to this case would likely destroy diversity. (Barenbaum Decl., ECF No. 13-1, ¶ 4.) Plaintiff's core argument is that remand could result in consolidation of the two actions so that they could proceed as one case in state court and that remand would thus promote judicial economy and "avoid the possibility of two [c]ourts reaching conflicting verdicts concerning the same incident." (*See id.* ¶ 8.)

2

Defendants oppose remand, arguing that the motion is untimely and that there is no jurisdictional defect in the case. (Kohn Decl., ECF No. 14, ¶¶ 10–11.) In opposition to remand, Defendants represent that Defendant Naranjo is a resident of California and that Defendant Wheels LT is incorporated in Delaware with a principal place of business in Illinois. (*Id.* ¶ 7.) Following oral argument on the motion on December 7, 2022, and having carefully reviewed the filings in this case and procedural history, the Court respectfully recommends that the motion should be denied as untimely and unsupported by the record of the case.

## DISCUSSION

### I. Timeliness

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). As a threshold matter, the Court notes that Plaintiff does not appear to challenge subject matter jurisdiction as the case currently stands. Rather, the parties agree that diversity of citizenship exists and that the amount in controversy exceeds $75,000. (*See* Barenbaum Decl., ECF No. 13-1; Kohn Decl., ECF No. 14.)

Plaintiff has cited no authority to excuse the delay in making this motion or proffered any reason for the delay in naming the putative defendants, other than having "inadvertently" not included the state court defendants in the original action. (Letter Mot., ECF No. 12, at 2.) As noted above, Defendants filed the notice of removal on August 18, 2021, and Plaintiff did not file the motion to remand until August 12, 2022, nearly a year later. (Notice of Removal, ECF No. 1; Mot. to Remand, ECF No. 13.) The motion for remand should be denied as untimely.

## II. Subject Matter Jurisdiction & Joinder

The prerequisites for diversity jurisdiction are well established. *See* 28 U.S.C. § 1332. To meet the diversity of citizenship requirement, there must be "complete" diversity; "[d]iversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire & Marine Ins. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). "[B]oth the Supreme Court and the Second Circuit have held that the presence of a non-diverse [party] 'deprives the court of original jurisdiction over the entire action.' Therefore, joinder of a non-diverse party, whether under Rule 19 or Rule 20 would destroy [a] Court's subject matter jurisdiction." *Abu Dhabi Com. Bank v. Morgan Stanley & Co.*, 921 F. Supp. 2d 158, 162 (S.D.N.Y. 2013) (footnote omitted) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005)).[1]

---

[1] Federal Rules of Civil Procedure 19 and 20 govern required and permissive joinder of parties, respectively. Rule 19 defines a required party as a person "whose joinder will not deprive the court of subject-matter jurisdiction" and who must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Under Rule 20, a defendant *may* be joined if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20 "does not confer a right to add parties, though their joinder would fit the rule's requirements." *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 422 (E.D.N.Y. 1972).

When faced with the situation where, after removal, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). As noted above, however, the deadline for a motion to amend the pleadings in this case was November 9, 2021. No such motion was filed, and Plaintiff has not formally sought to join any new parties. Rather, Plaintiff seeks remand to promote judicial economy, without citation to any specific legal authority that would warrant remand at this late date. (*See generally* Barenbaum Decl., ECF No. 13-1.)

On the current record, Plaintiff has failed to seek joinder or to demonstrate that the parties named in the state court action are required parties within the meaning of Fed. R. Civ. P. 19(a). *See generally Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam) (observing that joint tortfeasors may not need to be joined under Fed. R. Civ. P. 19(a)(1)(A)); *see also* 4 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE — CIVIL § 19.03 (2022) (discussing required parties within the meaning of Rule 19); *id.* § 19.05 (analyzing procedure when joinder of a necessary party is not feasible). Accordingly, although joinder and remand are contemplated as a possibility under 28 U.S.C. § 1447(e), the current record does not establish an appropriate basis for the relief Plaintiff seeks.[2]

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for remand be denied.

---

[2] The Court also notes that joinder may not be feasible if it destroys diversity jurisdiction. *See* Fed. R. Civ. P. 19(b) ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."); *see also* MOORE'S, *supra*, § 19.05.

5

\* \* \* \* \*

Any objections to this report and recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated:   Brooklyn, New York
         December 9, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

6